UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NATIONAL LABOR RELATIONS BOARD,**<br><br>    Petitioner,<br><br>    v.<br><br>**NEW VISTA NURSING AND REHABILITATION CENTER and JASINSKI, P.C.,**<br><br>    Respondents. | Civ. No. 22-04702 (KM) (CLW)<br><br>**ORDER** |

    **THIS MATTER** having come before the Court on the National Labor Relations Board's ("NLRB") motion to enforce administrative subpoenas (DE 1) and Magistrate Judge Waldor's Recommendation Enforcing Subpoenas (DE 18) (the "Recommendation"); and the Court having considered Respondent Jasinski, P.C.'s ("Jasinski's") objection to the Recommendation (DE 19) and NLRB's response thereto (DE 20) without oral argument pursuant to Fed. R. Civ. P. 78(b); and

    **IT APPEARING** that Congress gave the NLRB broad authority to subpoena information in connection with their investigations. 29 U.S.C. § 161; and

    **IT FURTHER APPEARING** that where a person refuses to obey a Board subpoena, Congress gave district courts authority, "upon application by the Board . . . to issue to such person an order requiring such person to appear before the Board, its member, agent, or agency, there to produce evidence if so ordered, or there to give testimony touching the matter under investigation or in question." 29 U.S.C. § 161(2); and

    **IT FURTHER APPEARING** that Respondents have not complied with the subpoenas; and

1

**IT FURTHER APPEARING** that Magistrate Judge Waldor considered the record and recommended that the NLRB's application be granted and that the subpoenas at issue be enforced in their entirety. (DE 18); and

**IT FURTHER APPEARING** that the only objection raised to the Recommendation is that Jasinski claims the subpoenas at issue "seek privileged and confidential information" and that certain information is "protected under attorney/client privilege," DE 19 at 2, while Jasinski does not set forth what particular information is privileged or cite any authority; and

**IT FURTHER APPEARING** that the party asserting the privilege bears the burden of asserting it,[1] and that Jasinski's blanket claims of privilege are insufficient; and

**IT FURTHER APPEARING** that Respondent New Vista Nursing and Rehabilitation Center has not made any objections to the Recommendation; and

**THE COURT HAVING** independently reviewed the record and the Recommendation and found no clear error;[2]

For the foregoing reasons, and good cause appearing therefor;

**IT IS** this 20th day of September 2023,

---

[1] The party asserting a privilege or protection bears the burden of establishing its applicability on a document-by-document basis." *Occidental Chem. Corp. v. 21st Century Fox Am., Inc.*, No. 18-11273, 2022 WL 2805637, at *3 (D.N.J. July 18, 2022) (citation omitted). The "appropriate method" for asserting the privilege as to a deposition is "to allow the deposition to be taken and permit the attorney to claim privilege in the face of certain questions, if necessary." *V. Mane Fils, S.A. v. Int'l Flavors & Fragrances Inc.*, No. 06-2304, 2008 WL 3887621, at *4 (D.N.J. Aug. 20, 2008) (noting that the attorney "is certainly free to object to individual questions on privilege grounds" but that "a blanket prohibition on a deposition is inappropriate"). As to requests for documents, "claims of attorney-client privilege must be asserted document by document, rather than as a single, blanket assertion." *United States v. Rockwell Int'l*, 897 F.2d 1255, 1265 (3d Cir. 1990) (citation omitted).

[2] "[W]here no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is 'satisf[ied] . . . that there is no clear error on the face of the record.'" *Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 10-4414, 2011 WL 500195, at *1 (D.N.J. Feb. 10, 2011) (quoting Fed. R. Civ. P. 72 Advisory Committee's Notes).

**ORDERED** that the Recommendation Enforcing Subpoenas (DE 18) is adopted in its entirety; and it is further

**ORDERED** that NLRB's motion to enforce the subpoenas is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this matter.

/s/ Kevin McNulty

_____

**Kevin McNulty**
**United States District Judge**